Ernest HENDERSON, Appellant,

v.

COMMONWEALTH of Kentucky, Appellee.

Court of Appeals of Kentucky.

Nov. 19, 1965.

Robert G. Lawson, Carl Hoot Combs, Lexington, for appellant.

Robert Matthews, Atty. Gen., Lloyd R. Cress, Asst. Atty. Gen., Frankfort, for appellee.

WADDILL, Commissioner.

This appeal seeks reversal of a conviction of the crime of voluntary manslaughter on the grounds that appellant was unlawfully deprived of assistance of counsel and was not granted a reasonable opportunity to prepare his defense.

Appellant was arrested August 3, 1964, on the charge of willful murder and counsel was appointed to represent him. When he was arraigned upon an indictment on September 21, 1964, he posted bond and was released from custody. The case, which had been assigned for trial on January 12, 1965, was continued to February 2, 1965, and new counsel was appointed to defend him. On February 2, 1965, appellant obtained a continuance to April 13, 1965. On the latter date he again moved for a continuance on the ground that he had been unable to obtain the identity of certain people who had possibly witnessed the fracas which had resulted in his arrest. This motion was overruled.

 It is now settled that the accused is entitled to be represented by counsel at every critical stage of the criminal proceeding and that this right attaches when the investigation is no longer a general inquiry into an unsolved crime but has begun to focus on him as a particular suspect. Carson v. Commmonwealth, Ky., 382 S.W.2d 85; Escobedo v. State of Illinois, 378 U.S. 478, 490, 84 S.Ct. 1758, 1765, 12 L.Ed.2d 977; Powell v. State of Alabama, 287 U.S. 45, 53 S.Ct. 55, 77 L.Ed. 158 (1932). With this rule to guide us, we look to the record to ascertain whether appellant's constitutional rights were violated as he now claims.

 Although appellant was represented by counsel at the preliminary hearing, at each time the continuances were granted and at the trial, he asserts that, because neither of the lawyers who defended him during the trial was the one who represented him at the preliminary hearing, he was deprived of effective assistance of counsel.

The fact that there was of necessity a change of counsel which resulted in appellant's being without an attorney for a short period is not constitutionally objectionable because the record shows he was ably represented at each critical stage of these proceedings. Hence, this claim is unavailing.

 As previously indicated, the attorneys who represented appellant during his trial had been given approximately three months in which to prepare his defense. The fact that these attorneys had been unable to find witnesses who would testify in his behalf did not of itself justify a further continuance. It appears to us that the trial court was exceedingly careful in affording appellant a fair trial.

The judgment is affirmed.